UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VASO BOJOVIC, ET AL.,

        Plaintiffs,                    No. 13-10642

v.                                 District Judge Sean F. Cox
                                 Magistrate Judge R. Steven Whalen

BANK OF AMERICA, N.A., ET AL.,

        Defendants.

_____ /

## REPORT AND RECOMMENDATION

Before the Court is Bank of America, N.A.'s ("BANA's") Motion to Dismiss
Plaintiff's Verified Complaint [Doc. #3], which has been referred for a Report and
Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons discussed
below, I recommend that the Motion be GRANTED, and that the Complaint be
DISMISSED as to Defendant BANA.

## I.   FACTS

This is a mortgage foreclosure case. Plaintiffs filed a complaint in the Macomb
County Circuit Court on December 11, 2012, and Defendant BANA removed the case to
this Court on February 15, 2013. Plaintiff Katarina Bojovic purchased real property in
Sterling Heights, Michigan on October 26, 2007. She executed a promissory note in favor
of Countrywide Bank FSB ("Countrywide") in the amount of $195,184.00. *Exhibit A*,
*Defendant's Motion* [Doc. #3]. As security for the purchase money loan, she and Vaso
Bojovic granted a mortgage to Mortgage Electronic Registration Systems, Inc.
("MERS"), as nominee for Countrywide and its successors and assigns. *Defendant's
Exhibit B*. MERS assigned the mortgage to BAC Home Loans Servicing, LP

-1-

("BACHLS") on February 3, 2010.  *Defendant's Exhibit C.*  By virtue of a merger, Defendant BANA is the successor to BACHLS.

Following Plaintiff's default on the loan, BACHLS began nonjudicial foreclosure proceedings, and a Sheriff's Sale was held on March 26, 2010, at which BACHLS was granted a Sheriff's Deed.  *Defendant's Exhibit D* (Sheriff's Deed). The redemption period expired on September 26, 2010; Plaintiffs did not redeem the property.

In their Complaint, Plaintiffs bring claims for Quiet Title (Count I), Wrongful Foreclosure (Count II), and Breach of HUD Rules for Continuous Occupancy (Count III)[1]. Plaintiffs seek injunctive and declaratory relief.

## II.    STANDARD OF REVIEW

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted."  Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)."  In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief.  *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

The United States Supreme Court has modified the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6).  In *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court,

---

[1] Count III is directed at Defendant Department of Housing and Urban Development, and is not at issue as to Defendant BANA.

construing the requirements of Fed.R.Civ.P. 8(a)(2),[2] held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 1974.

In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. at 1949, citing *Twombley*, 550 U.S. at 555. Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown[n]'—'that the pleader is entitled to relief.'" 129 S.Ct. at 1950 (Internal citations omitted).

---

[2] Rule 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

### III.   DISCUSSION

In Michigan, the failure to redeem the property within the six-month period following a foreclosure by advertisement divests the former owner of all rights to the property.  *Piotrowski v. State Land Office Bd.,* 302 Mich. 179, 4 N.W.2d 514 (1942)(because "[p]laintiffs did not avail themselves of their right of redemption in the foreclosure proceedings," all "rights in and to the property were extinguished" at the end of the foreclosure period).  *Id.* at 187; M.C.L. § 600.3236[3]; *Conlin v. MERS*, 714 F.3d 355, 359 (6th Cir. 2013)(citing *Piotrowski*).

In exception to the general rule, "Michigan courts allow 'an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice' in order to keep a plaintiff's suit viable, provided he makes 'a clear showing of fraud, or irregularity' by the defendant.'" *El-Seblani v. IndyMac Mortg. Services,* 2013 WL 69226, *3 (6th Cir. January 7, 2013)(citing *Schulthies v. Barron,* 16 Mich.App. 246, 167 N.W.2d 784, 785 (1969)); *Conlin* at 359. "The standards for obtaining such an extension are stringent." *Id*. In *Conlin, supra* the Sixth Circuit, citing *El-Seblani*, stated:

> "Whether the failure to make this showing [of fraud or irregularity] is best classified as standing issue or as a merits determination, one thing is clear: a plaintiff-mortgagor must meet this 'high standard' in order to have a foreclosure set aside after the lapse of the statutory redemption period."

Plaintiffs have not pled fraud.  Their principal argument is that BACHLS did not

---

[3]M.C.L. § 600.3236 provides that with respect to a deed issued after foreclosure by advertisement:
> Unless the premises described in such deed shall be redeemed within the time limited for such redemption as hereinafter provided, such deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter....

have "standing" to foreclose.  Paragraph 20 of the Complaint states, "Plaintiff claims a superior interest in the subject property based on the fact that Defendant had no right to foreclose and as such the Sheriff's Deed is void *ab initio*."  Plaintiffs further claim that "no chain of title existed between Countrywide and the Bank that was sufficient to transfer ownership rights under the mortgage, *id.* ¶ 25, and that "Bank does not meet the requirements of MCL 600.3204(1)(D) and 600.3204(3) and, therefore may not foreclose by advertisement." *Id.* ¶ 27.  The factual predicate of Plaintiff's argument is that MERS assigned the mortgage to BACHLS on February 3, 2010, but did not record the assignment until March 3, 2010, after the foreclosure was commenced. Citing *Davenport v. HSBC Bank USA*, 275 Mich.App. 344, 739 N.W.2d 383 (2007) and *Mitan v. Federal Home Loan Mtg. Corp.*, 703 F.3d 949 (6th Cir. 2012), Plaintiffs argue that they have pled "structural defects" that negate BACHLS' ability to foreclose in the first instance and render the foreclosure void.

Plaintiffs' argument that non-compliance with Michigan's statutory scheme renders the foreclosure void *ab initio* was soundly rejected by the Michigan Supreme Court in *Kim v. JP Morgan Chase Bank, N.A.*, 493 Mich. 98, 115, 825 N.W.2d 329 (2012):

> "Therefore, we hold that defects or irregularities in a foreclosure proceedings result in a foreclosure that is voidable, not void *ab initio*."

In so holding, the Court in *Kim* overruled *Davenport v. HSBC Bank USA*, 275 Mich.App. 344, 739 N.W.2d 383 (2007), on which Plaintiffs rely. *Kim* was decided some nine days after the Sixth Circuit's decision in *Mitan*, which was based on *Davenport*. Therefore, *Mitan* is no longer good law. *See Conlin, supra*; *Acheampong v. Bank of New York Mellon*, 2013 WL 173472, *7 (E.D. Mich. 2013)(Cohn, J.).

Thus, the entire theoretical underpinning of Plaintiffs' Complaint has been

nullified by *Kim* and *Conlin*.

Moreover, *Kim* held that to even show that a foreclosure is *void*, "plaintiffs must show that they were prejudiced by defendant's failure to comply with [M.C.L.] 600.3204. To demonstrate such prejudice, they must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute."

Under *Kim*, the Plaintiffs cannot show that the foreclosure is void *ab initio*. Nor have they pled any facts that would show prejudice. The following language from *Conlin*, 714 F.3d at 362, is perfectly applicable to the present case:

> "Even were the assignment from MERS to U.S. Bank invalid, thereby creating a defect in the foreclosure process under § 600.3204(1)(d), Plaintiff has not shown that he was prejudiced. He has not shown that he will be subject to liability from anyone other than U.S. Bank; he has not shown that he would have been in any better position to keep the property absent the defect; and he has not shown that he has been prejudiced in any other way. Additionally, he has also failed to make the clear showing of fraud in the foreclosure process required to challenge the foreclosure after the expiration of the six-month redemption period. *See also Sweet Air,* 739 N.W.2d at 662 (rejecting a claim of foreclosure-defect prejudice where the party seeking the set-aside was "not timely in challenging the validity of the foreclosure sale ... [and] made no effort to redeem"). Therefore, as the statutory redemption period has lapsed and Plaintiff has suffered no discernible prejudice, the district court was correct to find that Plaintiff's claim was not actionable."

To sum up: the statutory redemption period lapsed, and Plaintiffs have neither pled fraud nor suffered prejudice such that they would be entitled to an equitable extension of the redemption period. Because they do not have standing to challenge the foreclosure, their complaint should be dismissed as to Defendant BANA.[4]

---

[4] Plaintiffs do not dispute that they defaulted on the promissory note. In addition to their lack of standing to challenge the foreclosure, they would also be barred from the equitable remedy of quiet title under the "unclean hands" doctrine. *See Yuille v. American Home Mortgage Services, Inc.*, 483 Fed.Appx. 132, 2012 WL 1914056 (6th Cir. 2012),

## IV.   CONCLUSION

For these reasons, I recommend that Defendant's Motion to Dismiss Plaintiff's Verified Complaint [Doc. #3] be GRANTED and that the Complaint be DISMISSED as to Defendant BANA.

Any objections to this  Report and Recommendation must be filed  within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within

---

citing *McFerren v. B&B Inv. Grp.*, 253 Mich.App. 517, 655 N.W.2d 779, 783 (2002)(unclean hands doctrine applies to quiet title actions). In other words, the Plaintiffs don't get a free house.

the objections.


Dated: July 23, 2013                    s/R. Steven Whalen
                                        R. STEVEN WHALEN
                                        UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on July, 24, 2013, electronically and/or by U.S. mail.


                                        s/Michael Williams
                                        Case Manager to the
                                        Honorable R. Steven Whalen

-8-